UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

DWIGHT DION LAMPKIN,              )
                                  )
    Petitioner,                   )
                                  )
v.                                )   Case No. 7:23-cv-01233-LSC-JHE
                                  )
WARDEN CHRISTOPHER GORDY,         )
et al.,                           )
                                  )
    Respondents.                  )

## MEMORANDUM OPINION

Petitioner Dwight Dion Lampkin filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On October 13, 2023, the magistrate judge entered a report recommending dismissal of the petition based on the court's lack of jurisdiction. (Doc. 7). Specifically, the magistrate judge concluded that under 28 U.S.C. § 2244(b)(3)(A), the court's dismissal of Lampkin's prior petition as time-barred and for failure to state a claim for habeas relief deprives the court of jurisdiction to consider Lampkin's second or successive petition absent authorization from the Eleventh Circuit Court of Appeals. (Doc. 7). Although the court received several documents from Lampkin after the magistrate judge entered the report and recommendation, the documents are dated prior to the entry date of the report and recommendation and appear to be responses to the magistrate judge's

Order to Show Cause. (Docs. 8, 9, 10). The court will address Lampkin's responses here.

Lampkin contends that in his prior habeas proceedings, the magistrate judge informed him "that if he was to resubmit his 2254 habeas corpus pursuant to incompeten[cy] during the time of trial, . . . the petition would have to [be] adjudicated on its merits" (Doc. 9 at 1). (*See also* Doc. 10 at 2). Lampkin alleges his case is one of first impression (Doc. 8 at 1) and moves to compel the court to rule on his present habeas petition (Doc. 9 at 1, 3).

Lampkin misunderstands the magistrate judge's report and recommendation in his prior habeas proceedings. As an initial matter, the magistrate judge did not instruct Lampkin to "resubmit" his § 2254 petition to allege an incompetency claim as Lampkin suggests. *See Lampkin v. Billups, et al.*, No. 5:15-cv-00861-JHH-JHE, Doc. 12. Rather, the magistrate judge acknowledged that a "substantive competency claim cannot be procedurally defaulted and must be considered on the merits." *Id*. at 5 (citing *Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir. 1995)). However, the magistrate judge explained that even if Lampkin was attempting to lodge a substantive due process claim, he did not allege sufficient facts in his petition to support a substantive due process violation regarding his competency at the time of trial. *Id*. Moreover, the magistrate judge stated that even if Lampkin had alleged a viable claim, it would be untimely. *Id*.

Importantly, nothing in Lampkin's prior habeas proceedings, including the magistrate judge's report and recommendation, authorizes him to file a second or successive petition for a writ of habeas corpus without permission from the Eleventh Circuit. And Lampkin's responses do not address this issue. (Docs. 8, 9, 10).

Lampkin's prior petition, and the subsequent dismissal of that petition as time-barred renders the present petition successive. *See Gipson v. Sec'y, Dep't of Corrs.*, 784 F. App'x 683, 684 (11th Cir. 2019) (affirming dismissal of § 2254 petition as successive where previous petition was denied as time-barred). Lampkin does not allege he sought or obtained the required authorization from the Eleventh Circuit to file a successive petition. Accordingly, this court does not have jurisdiction to consider the successive petition under 28 U.S.C. § 2244(b)(3)(A).

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the petition for a writ of habeas corpus (Doc. 1) is due to be dismissed based on the court's lack of jurisdiction under 28 U.S.C. § 2244(b)(3)(A). Additionally, Lampkin's motion to compel (Doc. 9) is due to be **DENIED**.

**DONE** and **ORDERED** on December 1, 2023.

_____
L. Scott Coogler
United States District Judge

160704